UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NELSON GARCIA-SOTO,<br><br>       Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | Case No. 1:15-cv-00074-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Pending before the Court is Nelson Garcia-Soto's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Dkt. 1).  Having reviewed the motion, the government's response (Dkt. 8), Garcia-Soto's Reply (Dkt. 12) and underlying record, the Court will dismiss the motion.

**BACKGROUND**

Garcia-Soto pled guilty to possession with intent to distribute methamphetamine pursuant to a written plea agreement. *Rule 11 Plea Agreement*, Crim. Dkt. 151.[1]  On May 24, 2013, this Court imposed a below-guidelines sentence of 148 months and judgment was entered on May 29, 2013.  Crim. Dkt. 300.  Following sentencing, Garcia-Soto appealed his conviction to the Ninth Circuit. The Ninth Circuit dismissed his appeal on

---

[1] Citations to "Crim. Dkt." are to the docket in the underlying criminal case, *United States v. Garcia-Soto,* Case No. 1:12-cr-21-BLW (D. Idaho).

MEMORANDUM DECISION AND ORDER- 1

December 20, 2013. On March 5, 2015, Garcia-Soto filed the pending § 2255 motion.

## STANDARD OF LAW

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. See Advisory Committee Notes

MEMORANDUM DECISION AND ORDER- 2

following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. See *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

## ANALYSIS

Garcia-Soto raises three issues in this motion. First, he says the government lacked "standing" to prosecute him, or otherwise engaged in misconduct in deciding to charge him. Second, he says polygraph evidence establishes his actual innocence. Third, he claims that his counsel was ineffective.

**1. Alleged Prosecutorial Misconduct**

Garcia-Soto's claim that the government lacked "standing" to charge him fails on two grounds. First, Garcia-Soto waived his ability to challenge the government's decision to prosecute him. Second, the Government has wide discretion in charging defendants.

**A. Waiver**

Garcia-Soto's plea agreement includes a waiver, precluding him from bringing a habeas petition on grounds other than ineffective assistance of counsel. *See* Crim. Dkt. 151. A waiver is enforceable if it is knowing and voluntary and the language covers the grounds raised on appeal. *United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007)

(emphasis added). Knowing and voluntary waivers of appellate rights in criminal cases are regularly enforced. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000).

Garcia Soto does not expressly claim that his waiver was unknowing or involuntary. Rather, he briefly mentions that he entered into the Agreement based on his counsel's incorrect statements regarding his charges and sentencing guideline terms. *§ 2225 Mem.* at 4. Even so, the record indicates that Garcia-Soto entered his plea agreement knowingly and voluntarily.

Sworn statements made in open court at the time of a plea hearing carry a strong presumption of verity and are entitled to great weight. *Chizen v. Hunter,* 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)); *see also United States v. Kazcynski,* 239 F.3d 1108, 1114-15 (9th Cir. 2001) ("substantial weight" must be given to in-court statements). While that presumption is not necessarily an insurmountable barrier to an evidentiary hearing, contentions that in the face of the record are "wholly incredible" are subject to summary dismissal. *Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *See also United States v. Moore,* 599 F.2d 310, 313-14 (9th Cir. 1979).

Even if Garcia-Soto's counsel did not adequately inform him regarding the charges and sentencing guidelines, the plea colloquy indicates that Garcia-Soto did knowingly and voluntarily enter into a plea agreement. During the change of plea hearing, the Court asked Garcia-Soto the following:

MEMORANDUM DECISION AND ORDER- 4

>   Court:        Are you telling me that you understand and knowing
>                 and voluntarily agree to all terms in the plea
>                 agreement?
>
>   Garcia Soto: Yes.

*Plea Tr.*, Crim. Dkt. 327, at 23-24.

With the help of an interpreter, Judge Dale verified that Garcia-Soto understood he was pleading guilty to a count that had a possible penalty of 10 years to life imprisonment and that the mandatory minimum was ten years. *Id.* at 8. Garcia-Soto agreed with the factual basis of the Plea Agreement as summarized by the Government. *Id.* at 11-12. He also denied that anyone threatened or forced him to plead guilty and testified that he went over every provision of the Plea Agreement with counsel before signing it. *Id.* at 13, 5. Further, Garcia-Soto acknowledged that the sentencing judge was not a party to the plea agreement and was not bound by any of the recommendations and stipulations contained therein. *Id.* at 21.

On this record, Garcia-Soto cannot argue that his decision to enter into his plea agreement was anything but knowing and voluntary.

The waiver contained in the plea agreement is also enforceable because the language in the plea agreement covers the grounds raised on appeal.

>   If defendants intend to preserve a larger subset of their appellate
>   rights, this must be bargained for in the plea agreement. . . . But absent
>   such a bargained-for term, or the applicability of an exception, a
>   knowing and voluntary waiver of appellate rights will preclude
>   substantive appellate review in this court.

*Bibler*, 495 F.3d at 624.

Here, Garcia-Soto did not preserve his right to challenge the government's alleged

MEMORANDUM DECISION AND ORDER- 5

misconduct in deciding to prosecute him. In regard to his 28 U.S.C. § 2255 rights, Garcia-Soto's plea agreement states,

> In exchange for this Agreement, and except as provided in subparagraph B, the defendant waives *any* right to appeal or to collaterally attack the conviction, entry of judgment, and sentence….
>
> Notwithstanding subparagraph A, the defendant may file one habeas petition (motion under 28 U.S.C. § 2255) *for ineffective assistance of counsel* only if: (1) the motion is based solely on information not known to the defendant at the time the District Court imposed sentence; and (2) in the exercise of reasonable diligence, the information could not have been known by the defendant at that time.

*Plea Agreement*, at 7-8 (emphasis added).

Here, Garcia-Soto has not reserved the right to challenge the Government's prosecutorial standing. Where he has not shown that he entered his plea agreement unknowingly and involuntarily, the waiver will be enforced.

### B. Prosecutorial Discretion

Even if Garcia-Soto had preserved his right to challenge the underlying prosecution, his claim that the government "lacked standing" to prosecute him would fail. The Government has "broad discretion as to whom to prosecute" as long as a charge is supported by probable cause that a person has committed an offense as defined by statute. *Wayte v. United States*, 470 U.S. 598, 607 (1985). Further a claim of duress does not create a bar to prosecution, but rather provides for an affirmative defense. *See Dixon v. United States*, 548 U.S. 1, 6-7 (2006).

In this case, a grand jury found sufficient probable cause to indict Garcia-Soto with possession with intent to distribute 50 grams or more of methamphetamine. (Crim.

MEMORANDUM DECISION AND ORDER- 6

Dkt. 48). As discussed in the next section, Garcia-Soto makes no showing that the government's prosecution was improper.

### C. Vindictive Prosecution

To establish that he was prosecuted vindictively or selectively, Garcia-Soto must demonstrate that others similarly situated have not been prosecuted and that the allegedly discriminatory prosecution…was based on an improper motive. *United States v. One 1985 Mercedes*, 917 F.2d 415, 420 (9th Cir. 1990).

Garcia-Soto has provided the Court with no evidence of others similarly situated and no evidence of an improper motive. Garcia-Soto's vindictive prosecution allegations are unsupported by facts.

### 2. Actual Innocence

Garcia-Soto next contends that he is actually innocent. *§ 2255 Memo* at 9-10. The standard for actual innocence claims "is demanding and permits review only in the 'extraordinary case.'" *House v. Bell,* 547 U.S. 518, 538 (2006). It is concerned with factual rather than legal innocence and therefore encompasses all admissible evidence of guilt even if not presented during a plea colloquy or at trial. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). A gateway claim of actual innocence requires "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. . .." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). This new evidence must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Bell*, 517 U.S. at 537.

MEMORANDUM DECISION AND ORDER- 7

In *Knickerbocker v. Wolfenbarger*, 212 F. App'x 426, 432 (6th Cir. 2007), the Sixth Circuit considered a similar argument. There, the defendant presented a witness's recanted statements and a polygraph exam indicating the defendant's innocence was entitled to habeas relief. The Sixth Circuit held that that the defendant was not entitled to habeas relief, even when his polygraph was presented with more reliable evidence. *Id.* at 433. Similarly, Garcia-Soto is not entitled to relief where he has presented polygraph evidence alone. As previously discussed, polygraph evidence is not considered reliable evidence sufficient to establish actual innocence. *United States v. Marshall*, 526 F.2d 1349, 1360 (9th Cir. 1975).

Further, the polygraph examination only shows that Garcia-Soto acted under duress. A duress defense evidenced by a polygraph exam is not enough to show factual innocence. A reasonable juror could still find that Garcia-Soto was guilty beyond a reasonable doubt. Therefore, Garcia-Soto's actual-innocence argument is not persuasive.

3.   **Ineffective Assistance of Counsel**

Finally, Garcia-Soto says his counsel was ineffective. The central argument here is that Garcia-Soto believes his counsel should have pursued a duress defense, relying upon his polygraph exam. *See, e.g., § 2255 Motion*, Dkt. 1, at 5 ("trial counsel's failure to have the parties stipulat[e] that polygraph evidence could be admitted into evidence constitutes ineffective assistance of counsel . . . ."). Garcia-Soto also says his counsel should have argued that the prosecutor lacked standing to prosecute him. Neither argument is persuasive.

To prevail on his claim of ineffective assistance of counsel, Garcia-Soto must

MEMORANDUM DECISION AND ORDER- 8

demonstrate that his attorney's representation "fell below an objective standard of reasonableness," and that he suffered as a result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Harrington v. Richter*, 562 U.S. 86, 104 (2011). The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*.

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Id*. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*.

The Supreme Court has observed that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Richter*, 562 U.S. at 105. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from "best practices or most common custom." *Id.*

Garcia-Soto has not demonstrated that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) he was prejudiced as result.  Regarding the duress defense, the record shows that Garcia-Soto's counsel was aware of a duress

MEMORANDUM DECISION AND ORDER- 9

defense, as evidenced by the Motion in Limine filed on October 26, 2012. A few days after this motion was filed, Garcia-Soto nevertheless pleaded guilty. During his plea hearing, Garcia-Soto was informed by the Court about the risks of accepting a plea agreement. *Plea Tr.* at 5-8. Garcia-Soto also said he had fully discussed the case with his attorney and believed he had been adequately represented. *Id.* at 5-6.

Moreover, Garcia-Soto has not demonstrated that a reasonable attorney would have pursued a duress defense and that, by contrast, his counsel's actions fell below the required standard. Rather, courts have consistently expressed an "inhospitable view towards the admission of unstipulated polygraph evidence under the Federal Rules of Evidence." *Brown v. Darcy*, 783 F.2 1389, 1396 (9th Cir. 1986).

Finally, for the reasons discussed above, Garcia-Soto's argument that the prosecutor "lacked standing" to pursue charges against him is unpersuasive.

## CONCLUSION

For all the foregoing reasons, the Court will dismiss Garcia-Soto's § 2255 Motion.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether

the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack*, 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Recently amended Rule 11 of the Rules Governing § 2255 Proceedings provides that the district court must issue or deny a certificate of appealability at the time it enters a final order adverse to the movant. Rule 11(a), 28 U.S.C. foll. § 2255. After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination regarding Garcia-Soto's claims of lack of prosecutorial standing, vindictive prosecution, ineffective assistance of counsel, and actual innocence to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

### ORDER

1. **NOW THEREFORE IT IS HEREBY ORDERED** that Garcia-Soto's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DENIED AND DISMISSED** in its entirety.

2. **IT IS FURTHER HEREBY ORDERED** that no certificate of appealability shall issue. Garcia-Soto is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

3.  **IT IS FURTHER HEREBY ORDERED** that if Garcia-Soto files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.



DATED: September 12, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court