UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NELSON FERNANDO GARCIA-SOTO,<br><br>Defendant. | Case No. 1:12-cr-00021-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendant Nelson Fernando Garcia-Soto's pro se motion to reduce his sentence. *See Motion Amend for Consideration Variance Under 18 USC § 3553*, Dkt. 377. For the reasons explained below, the Court will deny the motion.

## DISCUSSION

In May 2013, this Court sentenced Garcia-Soto to 148 months imprisonment, which was below the advisory guidelines range of 168 to 210 months. Roughly 18 months later, in November 2014, Sentencing Guidelines Amendment 782 went into effect and retroactively reduced, by two levels, the base offense levels in the drug quantity

tables in United States Sentencing Guidelines § 2D1.1.  The government and Garcia-Soto stipulated that Garcia-Soto was eligible for a reduction under 18 U.S.C. § 3582(c)(2).[1]  The Court then granted the parties' joint motion for a reduction in Garcia-Soto's sentence.  Based on the parties' stipulation, the Court calculated defendant's amended advisory sentencing guidelines ranges as 135 to 168 months.  *See Stipulation for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2),* Dkt. 370, at 2.  Garcia-Soto's 148-month sentence was then reduced to 138 months.  *See Order,* Dkt. 371.  The parties "agree[d] that a reduction of defendant's sentence to 135 months – which corresponds to the low-end of his revised Guidelines range – would be appropriate." *See Stipulation for Reduction of Sentence,* Dkt. 370, at 3

Garcia-Soto now argues that his sentence should be further reduced because in the first round, his advisory range was 168 to 210 months, yet he received a sentence of 148 months.  Defendant argues that he should have received a comparable, below-guidelines reduction.  Specifically, he argues that his amended sentence should be 118 months – not 135 months.

---

[1] Section 3582(c)(2) provides, in relevant part:  "The Court may not modify a term of imprisonment once it has been imposed except that --- . . . .(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

There are several problems with this argument, beginning with the fact that defendant has already stipulated that a reduction to 135 months was appropriate. Substantively, there was a good reason for that stipulation: In reducing Garcia-Soto's sentence, this Court could not drop below 135 months. Section 1B1.10(b)(2)(A) and (B) of the Sentencing Guidelines provide that unless the defendant received a reduction based on substantial assistance at the time of his original sentencing (Garcia-Soto did not) then the Court may not reduce the defendant's sentence below the minimum of the amended guidelines range. *See United States Sentencing Guidelines* § 1B1.10(b)(2)(A), B); *see Dillon v. United States*, 560 U.S. 817 (2010) (emphasizing that § 1B1.10 is binding). Defendant's motion to further reduce his sentence will therefore be denied.

## ORDER

**IT IS ORDERED that** Defendant Nelson Fernando Garcia-Soto's motion to reduce his sentence (Dkt. 377) is **DENIED.**

DATED: March 28, 2018

B. Lynn Winmill
Chief U.S. District Court Judge